(No. 41025.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.* HARRY L. LOVE, Appellee.

*Opinion filed March 28, 1968.*

Bruno W. Stanczak, State's Attorney, of Waukegan, (Raymond M. Carlson and William G. Rosing, Assistant State's Attorneys, of counsel,) for the People.

Fuqua, Fuqua & Winter, of Waukegan, (William F. Homer, of counsel,) appointed by the court, for appellee.

Mr. Justice Ward delivered the opinion of the court:

A complaint filed on October 10, 1966, before a magistrate of Lake County charged the defendant, Harry L. Love, with the offense of leaving the scene of an accident in violation of section 36 of the Uniform Act Regulating Traffic on Highways. (Ill. Rev. Stat. 1967, chap. 95½, par. 133.) Pursuant to the complaint, which alleged that the offense occurred on October 8, 1966, a warrant was issued for the defendant's arrest and delivered to the sheriff of Lake County on October 10, 1966. The defendant was,

however, not arrested until March 8, 1967, at which time he posted bond. On March 25, 1967, he appeared, and a jury having been demanded, trial was set for April 24, 1967.

On April 17, 1967, the defendant moved for the dismissal of the complaint on the ground that he had not been arrested until 148 days after the issuance of the warrant, that this delay was without good cause or justification and therefore was in violation of his constitutional right to a speedy trial. The defendant also claimed prejudice because of the delay and argued that he would not be able to receive a fair trial. The motion was argued and no testimony was offered by the defendant or the State but it was stipulated that during the period from October 8, 1966, the date of the alleged offense, until March 8, 1967, the date of arrest, the defendant resided at 1207 Green Tree Street in Wildwood, Illinois, which is in Lake County. After argument the trial court granted the motion and held that the delay in arresting the defendant was without justification and deprived him of a speedy and fair trial contrary to the provisions of sections 2 and 9 of article II of the Illinois constitution and the sixth and fourteenth amendments to the United States constitution.

The State appealed the judgment to the Appellate Court for the Second District, and that court on its own motion transferred the cause to this court, pursuant to Supreme Court Rule 365(b) (36 Ill.2d 158), as solely constitutional questions were presented.

Initially, the defendant challenges the People's right to appeal and also apparently takes the position that, even if the State had a right to appeal, under the circumstances the appeal should now be barred from this court since the appeal was first and erroneously filed in the appellate court.

We deem that the State has a right of appeal from a judgment the effect of which was to dismiss an indictment on the ground that a defendant was deprived of his con-

stitutionally protected right to a speedy trial. It must be conceded that our Rule 604(a) (36 Ill.2d 170; Ill. Rev. Stat. 1967, chap. 110A, par. 604(a)), concerning appeals by the State, when considered literally does not grant a right of appeal to the State from a judgment that an accused was denied his constitutional right to a speedy trial. However, Rule 604(a) cannot be read in isolation for full understanding but must be considered, in association with the committee comments thereon, with the parent rule (former Rule 27(4)) and with the statutory provision (section 120—1 of the Code of Criminal Procedure) which was superseded by former Rule 27(4). The former rule and the statute superseded by it provided for the right of the State to appeal from any judgment the substantive effect of which resulted in the dismissal of an indictment, information or complaint. This court in *People* v. *Petropoulos,* 34 Ill.2d 179, declared that a judgment which discharged an accused because of the State's failure to bring him to trial within 120 days as provided by section 103—5 of the Code of Criminal Procedure was a judgment the substantive effect of which resulted in the dismissal of the indictment against the defendant and was therefore a judgment appealable by the State. A judgment discharging an accused because of a denial of the constitutional right to a speedy trial, too, has the substantive effect of dismissing the indictment. When Rule 604(a) made explicit the right of the State to appeal on grounds set forth in section 114—1 (Ill. Rev. Stat. 1967, chap. 38, par. 114—1), including the ground that the State had not brought a defendant to trial within 120 days as provided by section 103—5, it was not intended to reduce the range of the State's right to appeal but to make clear that the State had a right to appeal from dismissals on any of the 10 grounds of dismissal set forth in section 114—1. The State retained the right to appeal in any other case of a judgment the substantive effect of which resulted in the dismissal of the indictment, such as

here. The committee comments to Rule 604(a) illustrate that such was the intendment in changing former Rule 27(4). The comment states: "This is former Rule 27(4) with slight changes in language. (Rule 27(4) was derived from sections 120—1 and 120—2 of the code.) The rule was redrafted in such a way as to make clear that an order dismissing an indictment, information, or complaint for any of the grounds enumerated in section 114—1 of the code is appealable." The redrafting was not intended to extinguish the People's right to appeal from judgments the substantive effect of which was to dismiss indictments on grounds not specified in the rule, such as judgments holding that an accused's right to a speedy trial had been disregarded.

We do not find merit in the defendant's protest that the People should be barred from an appeal in this court because the appeal was first presented to the appellate court. Rule 365(a) (36 Ill.2d 158, Ill. Rev. Stat. 1967, chap. 110A, par. 365(a)) of our rules provides that erroneously taking an appeal either to this court or to the appellate court does not operate to bar the appeal in the appropriate court.

The State in this appeal contends that the defendant's right to a speedy trial was not violated by the delay in arrest following the filing of the complaint, as time is calculated, in determining whether speedy trial was obtained, from the time the defendant is first detained or held to bond, and not from the time of accusation; and that due process of law was not violated as the defendant did not show any prejudice because of the delay in arrest.

The defendant, on the other hand, argues that in determining whether this right has been violated, time is to be calculated, in considering a delay, from the time of accusation and not the time of arrest and that an unexplained delay of 148 days between the filing of a complaint and arrest is unreasonable on its face when the accused

was accessible for arrest following the filing of the complaint. The defendant submits also that if the constitutional right to a speedy trial is violated this deprivation itself results in a violation of his right of due process.

It is undeniable that if one's right to a speedy trial is denied one is also denied due process. (*Lucas* v. *United States,* (9th cir.) 363 F.2d 500.) Too, it is now clear that the right to a speedy trial as guaranteed by the sixth amendment of the United States constitution is a fundamental right "enforced against the States through the Fourteenth Amendment according to the same standards that protect those personal rights against federal encroachment." *Klopfer* v. *North Carolina* (1967), 386 U.S. 213, 18 L. Ed. 2d 1, 87 S. Ct. 988.

In this State the constitutional right to a speedy trial has been implemented by section 103—5 of the Code of Criminal Procedure (Ill. Rev. Stat. 1967, chap. 38, par. 103—5). This statute provides that a person in custody shall be placed on trial within 120 days from the date he was taken into custody or if he is on bail within 120 days from the date the defendant demands trial unless the delay is occasioned by the defendant. (*People* v. *Baskin,* 38 Ill.2d 141.) The State's failure so to afford trial will entitle the accused to be discharged. The operation of the statute typically will prevent the constitutional question of a speedy trial from arising, since if an accused is tried within 120 days after being taken into custody, or demand of trial while on bond, there will have been ordinarily no arbitrary or oppressive delay which the constitution prohibits. (*People* v. *Baskin,* 38 Ill.2d 141; *People* v. *DeStefano,* 35 Ill.2d 261.) Our statute concerns itself only with post-arrest delays and therefore is not directly pertinent in this appeal. Here, the defendant argues that his rights under the constitutions were disregarded, as he was not arrested until 148 days after the filing of the complaint and that such delay is constitutionally unreasonable.

At an earlier time we declared in considering the right to a speedy trial that the evil to be avoided through observance of the right was wrongful incarceration rather than wrongful accusation. (*People* v. *Kidd*, 357 Ill. 133.) We cannot now adhere to this view, which the State here supports, in the light of recent, abundant and contradicting authority. We deem that in determining whether the right to a swift trial has been observed the reckoning must be from the time the complaint or other form of accusation is filed, rather than from the time of arrest. See *Lucas* v. *United States*, (9th cir.) 363 F.2d 500; *Hoopengarner* v. *United States*, (6th cir.) 270 F.2d 465; *Foley* v. *United States*, (8th cir.) 290 F.2d 562; *Harlow* v. *United States*, (5th cir.) 301 F.2d 361; *cf. People* v. *Hryciuk*, 36 Ill.2d 500.

In deciding whether a delay has disregarded the constitutional assurance of a speedy trial there is no absolute standard of time that can be applied. The circumstances present must be considered and related to the claim of constitutional deprivation. An important circumstance is whether there is a likelihood, or at least a reasonable possibility, that the accused has been prejudiced by the delay. *United States* v. *Ewell*, 383 U.S. 116, 15 L. Ed. 2d 627, 86 S. Ct. 773; *Hedgepeth* v. *United States*, (D.C. cir.) 364 F.2d 684.

We recognize that a delay can be so prolonged that it must be deemed to have prejudiced an accused (*cf. United States* v. *Banks*, (4th cir.) 370 F.2d 141; *Jackson* v. *United States*, (D.C. cir.) 351 F.2d 821), but we do not consider that the delay here of 148 days between the complaint and the arrest unassisted, as it is, by any other circumstances, was constitutionally unreasonable.

In our State following the arrest of an accused it is possible for the prosecution to secure up to 180 days within which to bring the accused to trial, even though he does not consent to such delay. (Ill. Rev. Stat. 1967, chap. 38,

par. 103—5(c).) While this statute implements the constitutional right to a speedy trial, it is not co-extensive with the right. (*People* v. *Hartman,* 408 Ill. 133.) Whether an accused has been denied a speedy trial within the constitution is a judicial question. (*Medina* v. *People,* 154 Colo. 4, 387 P.2d 733; *State* v. *Kuhnhausen,* 201 Ore. 478, 266 P.2d 698.) However, the legislative expression through the enactment of the statute can certainly be considered by us in determining whether the right to a swift trial has been denied. We are persuaded that the delay here preceding the arrest, which was for a lesser period of time than a delay which could be granted the prosecution under the statute following arrest, did not deny the defendant his right to a speedy trial under the constitutions.

As stated, delay before trial may be so prolonged that prejudice will be presumed and found without requiring a defendant to demonstrate that he was prejudiced. However, in a case where it is not clear that the right to a speedy trial was denied, the fact whether the accused was or was not in fact prejudiced through delay must be importantly considered in deciding that the delay was reasonable or unreasonable. (See The Right to a Speedy Criminal Trial, 57 Colum. L. Rev. 846 (1957); 108 U. Pa. L. Rev. 414 (1960); Anno: 85 A.L.R. 2d 980; *cf. United States* v. *Feinberg,* (2d cir.) 383 F.2d 60; *Terlikowski* v. *United States,* (8th cir.) 379 F.2d 501; *United States* v. *Miller,* (E.D. Pa.) 259 F. Supp. 294; *Maldonado* v. *Eyman,* (9th cir.) 377 F.2d 526; *Fleming* v. *United States* (1st cir.) 378 F.2d 502; *King* v. *United States,* (D.C. cir.) 369 F.2d 213; *Urquidi* v. *United States,* (9th cir.) 371 F.2d 654; *Hampton* v. *Oklahoma,* (10th cir.) 368 F.2d 9.) There is no suggestion here that the delay in arresting the defendant was intentionally oppressive or purposeful nor has there been any showing or claim by the defendant of prejudice to him by the delay other than through a general assertion that the passage of time places a burden on an accused's ability to

remember and locate possible witnesses. This will not suffice. *Cf. Hampton* v. *Oklahoma,* (10th cir.) 368 F.2d 9; *United States* v. *Miller* (E.D. Pa.), 259 F. Supp. 294, 296.

We find the authorities principally relied on by the defendant not persuasive on the facts of this case. In *Rost* v. *Municipal Court of Southern Judicial Dist.,* 7 Cal. Reptr. 869, 85 A.L.R. 2d 974, the District Court of Appeal, First District, held that a delay of 140 days between the filing of a misdemeanor complaint and the arrest of the defendant did deprive him of his constitutional right to a speedy trial. However, the court recognized that what is a reasonable time depended on the circumstances of each case. In California a statute required that felony cases be brought to trial within 60 days after the finding of an indictment or the filing of the information. The court considered the legislative attitude expressed in the fixing of a 60-day period in felony cases in determining that the delay of 140 days between the filing of the complaint and the defendant's arrest in the misdemeanor case was unreasonable. Here, we have given consideration to our legislative expression that the prosecution can secure up to 180 days following the arrest of an accused to bring him to trial. While the compass of the two statutes differs, our statute concerning itself with only the post-arrest period, it is clear that the California expression is more restrictive on the prosecution. In *Godfrey* v. *United States,* (D.C. cir.) 358 F.2d 850, an indictment charged the defendant with sales of narcotics on October 10, 11 and 12. There had been delays between the alleged offenses and the filing of the complaints and between the filing and the arrest. The defendant testified at trial that he had been in New York and out of the District of Columbia on October 10 but could not remember where he was on October 11 and October 12. The Court of Appeals for the District of Columbia affirmed the trial court's dismissal of the charges relating to October 11 and October 12 because of the delay and its order for a new

trial on the October 10 charge "because of the danger that the appellant's inability * * * to account for October 11 and 12 may have adversely affected the jury's verdict on the October 10 count." Unlike here, in *Godfrey* there was demonstration of prejudice.

Therefore, under these circumstances we cannot say that the defendant's right to a speedy trial and right to due process have been abridged. Accordingly, the judgment of the circuit court of Lake County dismissing the complaint is reversed and the cause is remanded for further proceedings consistent with our expression herein.

*Reversed and remanded.*