THE CITY OF PEORIA *et al.*, Plaintiffs-Appellants, *v.* RUSSELL DAVIS *et al.*, Defendants-Appellees.

Third District    No. 75-94

Opinion filed June 30, 1976.

Michael M. Mihm, State's Attorney, and Jack B. Teplitz, Corporation Counsel, both of Peoria, for appellants.

Robert L. Silberstein, of Peoria, for appellees.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Russell Davis, Jr., and two other persons were charged with violating State statutes prohibiting gambling activities. (Peoria Circuit Court Case Numbers 74 CM 4461-74 OV 4470-74 OV 4478-74 OV 4479, combined in the appellate court as case number 75—94.) Pursuant to leave granted this appeal was briefed and argued with appellate court case Number 75-6, the latter case having grown out of the same gambling raid but involving only city ordinance violations. However, the cases pending on review will be discussed and decided individually. The decision in the trial court was in favor of the defendants and the People have appealed.

The State statutory charges were initially challenged by a motion to

quash the search warrant and to suppress evidence seized pursuant thereto. The motion alleged the complaint for the warrant was insufficient to establish probable cause for the issuance of the search warrant and also alleged other deficiencies in the complaint. A hearing on the motion was held and the motion was granted. Thereafter the three defendants were sworn to testify as witnesses and en masse each stated he was not guilty. Judgment was entered in favor of the defendants, the People presenting no evidence.

With respect to the foregoing judgment, the People have argued on this appeal the trial court erred in quashing the search warrant and suppressing evidence seized pursuant thereto. The merits of this question have been argued by both parties but the defendants have raised a threshold question which we must first decide. Although the People have characterized their appeal as one arising from a dismissal of the charges by the trial court, the defendants characterized the appeal as one from a judgment of not guilty, a decision on the merits which is not appealable by the People. Having once been found not guilty, defendants urge the People have no right to appeal and hence the appeal should be dismissed.

It is well settled that after a trial on the merits in a criminal case, there shall be no appeal from a judgment of acquittal. (Ill. Const. art. VI, §6; Ill. Rev. Stat. 1973, ch. 38, par. 3—4 (1).) No claim is made that this is an interlocutory appeal by the People from the order suppressing the evidence as is provided for in section 114—12(b) of the Code of Criminal Protection (Ill. Rev. Stat. 1973, ch. 38, par. 114—12 (b)). According to the trial court's written order the defendants were each found "not guilty and ordered discharged." We conclude this judgment is an acquittal after a hearing on the merits and therefore not an appealable judgment. *(People v. Kapande,* 23 Ill. 2d 230, 177 N.E.2d 825.) The appeal on this aspect of the case should be dismissed and accordingly we do not reach the merits of the issues raised by the People.

For the foregoing reasons the appeal from the judgment of the circuit court of Peoria County is dismissed.

Appeal dismissed.

STENGEL and BARRY, JJ., concur.