THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ANGELA DELLECARTO, Defendant-Appellee.

First District (3rd Division)    No. 78-361

Opinion filed December 13, 1978.—Rehearing denied January 9, 1979.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Iris E. Sholder, and Marva W. Cohen, Assistant State's Attorneys, of counsel), for the People.

Ralph Ruebner, of State Appellate Defender's Office, of Chicago, and Randy K. Johnson, law student, for appellee.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

Angela Dellecarto was charged with six counts of theft (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(a)(1)) and six counts of public assistance fraud (Ill. Rev. Stat. 1975, ch. 23, par. 11—21). The case was called for trial in the circuit court of Cook County. After certain proceedings, which will be described, the trial judge ordered the case "dismissed for want of prosecution, with prejudice." On the defendant's motion, the dismissal was changed to an order of "acquittal" the following day. The State appeals from this ruling.

On April 15, 1977, this case came up for a conference with the trial judge for the purpose of discussing a possible plea of guilty. At the conference the court learned the defendant had quit school after the fifth grade at the age of 16. The court ordered a pretrial investigation and the case was continued by agreement to May 27, 1977. On that date a conference was again held in chambers. On May 27, 1977, the Assistant State's Attorney filed a memorandum of law discussing the requisite mental state necessary to convict the defendant and also addressing the issue of fitness to stand trial or to plead guilty. The case was continued by agreement to June 23, 1977, without subpoenas.

On June 23, 1977, the parties again appeared in court. The Assistant State's Attorney presented four options for the court's consideration. First, the State indicated that the court could accept the agreed plea of guilty; second, the court could declare Dellecarto fit to stand trial; third, the court could conduct a fitness hearing; and finally, the State suggested that the court could transfer the case to the Chief Judge for reassignment.

The court indicated it was not sure the defendant could form the necessary scienter to defraud because she had an I.Q. of 71, could not hear well, could not see without glasses and was "poor as a churchmouse." The judge concluded he did not wish to conduct a fitness hearing but instead would set the matter for trial and that the State would have the burden of proving intent at that time. A trial date of July 25, 1977, was set by agreement.

On July 12, 1977, the Assistant State's Attorney orally notified defense counsel and the courtroom clerk that he would not be ready to proceed with the trial on the designated trial date of July 25. On July 21, 1977, the State filed three motions with the court: a motion to recuse supported by the affidavit of counsel which disclosed the nature of the off-record conference; a motion to consummate the guilty plea; and a motion requesting a competency examination and hearing.

On July 25, 1977, the parties appeared in court. The Assistant State's Attorney gave defense counsel and the courtroom clerk an amended answer to discovery, a subpoena issued to the Treasurer of Lake County, Indiana, and a stipulation. The State also informed the judge that a

number of motions had been filed with the court the previous week. The court indicated it had no knowledge of those motions; however, defense counsel stated he had received copies of them. The defense demanded that the trial commence, and also filed a written demand for trial. The court called a short recess to consider the motions.

When the court reconvened, the motion to recuse was denied. The court stated the Assistant State's Attorney's recollection of the conference, as set forth in the affidavit, was not the same as his own. The motion for a competency examination was declared moot, and the motion to consummate a guilty plea was denied. The judge then announced the case would proceed to trial.

The State insisted it was not prepared for trial, that none of its witnesses were present, and that some were in Indiana. The court said the State had received adequate notice that the case would go to trial on July 25. The Assistant State's Attorney said he did not realize the case had been set with subpoenas and also said he had informed defense counsel and the courtroom clerk that he would not be prepared for trial on July 25. Defense counsel indicated he had told the Assistant State's Attorney he would demand trial on July 25, but that he had also been warned that the State would seek a continuance.

The court again stated that a trial would commence that day. He told the Assistant State's Attorney he had plenty of time to prepare the case and there was no excuse for not being ready. The Assistant State's Attorney said he needed some time to call his witnesses. He asked that the case be put over to the next day, and the court refused to do so. The Assistant State's Attorney stated his witnesses had not been subpoenaed and the court indicated this was the State's fault because the case had been set with subpoenas and all the State had to do was request that particular persons be served. The Assistant State's Attorney then asked that the case be put over until 2 o'clock that afternoon to allow him time to obtain a witness to testify. The court also refused this request.

The Assistant State's Attorney was granted a 10-minute recess to call his office. When court reconvened, the Assistant State's Attorney announced the State would not proceed with trial because it was not prepared and had no witnesses present. The court told the Assistant State's Attorney that he had not been notified that the trial would not commence on that day. The Assistant State's Attorney apologized for this. The court asked if there were any State witnesses in the courtroom and ordered that any available witnesses be sworn. None were present to be sworn. Another Assistant State's Attorney said the State was not proceeding to trial and that they were not ready to make an opening statement. Defense counsel waived an opening statement and the court

entered an order dismissing the case "for want of prosecution, with prejudice."

On the same day, the defense filed a motion asking that the dismissal order be amended. A hearing was held the next day and the court modified its prior order to one of "acquittal." The judge also stated he believed the State's motions, ruled on the previous day, were dilatory in nature.

The first issue we address is whether this court has jurisdiction to hear the case. The State argues the trial court exceeded its authority by summarily dismissing the indictments and discharging the defendant. The defendant contends this court is without jurisdiction to hear the appeal because the State is seeking to review a verdict of acquittal.

The defendant argues that the court's order was one of acquittal and that under article 6, section 6 of the Illinois Constitution "there shall be no appeal from a judgment of acquittal." The defendant argues there was a proper acquittal in this case because he "was placed on trial and a trial on the merits was held." The defendant relies on the following facts to support this conclusion: counsel for both parties asked for a trial date of July 25; by agreement, July 25 was set for a bench trial with subpoenas; on July 25 the defense was ready for trial and demanded trial; the State was not prepared to proceed; the court denied the State's motion for a continuance; the court told the State to bring in its first witness; the court ordered the swearing of any available witnesses; the State refused to make its opening statement and the defense waived its opening; the court ordered the case dismissed for want of prosecution, with prejudice; and, finally, the order was amended the following day to an "acquittal." The defendant submits this procedure was analogous to a directed verdict in favor of the defendant at the close of the State's evidence.

The defendant cites *People v. Thomas* (1975), 24 Ill. App. 3d 907, 322 N.E.2d 97. In *Thomas*, both the State and the defendant requested a continuance. Their motions were denied. The court, after calling a jury, dismissed the case for "want of prosecution" after the State refused to proceed with the *voir dire*. The *Thomas* court stated that the sole issue confronting it was whether the court on its own motion, before trial, could dismiss the charges for want of prosecution. Citing well established case authority they said that the trial court had no right to do so. The court then made the statement on which the defendant relies: "Where the motion for a continuance has been properly denied the case should be called for trial, and if no evidence or insufficient evidence is presented by the People, then a judgment of acquittal may be entered by the court." (*Thomas*, at 908.) The defendant concludes from this that where no evidence is presented, an acquittal may be entered by the court.

■■ The defendant's analysis of the *Thomas* case neglects the language in that court's statement limiting it to a "properly" denied continuance. We believe that the State's request for a continuance of a few hours in order to obtain a witness to testify was a reasonable request which was improperly denied. The record indicates that there was some legitimate confusion as to the appropriate course to follow, *i.e.*, in light of the trial judge's uncertainty about the defendant's ability to form the necessary scienter, the parties were unclear as to whether a competency hearing was appropriate or whether the State should attempt to establish this element at trial. Although the trial judge had earlier rejected the State's proposed options of holding a competency hearing or recusing himself, these options were initially presented in a rather informal manner. Furthermore, while the "half-sheet" indicates that the trial date was set "with subpoenas" there is nothing in the report of proceedings itself to that effect, and the Assistant State's Attorney claimed he did not realize the case had been set with subpoenas. Finally, the Assistant State's Attorney orally notified the defense counsel that he would not be prepared to go to trial on July 25 and this fact was confirmed by the defense. The Assistant State's Attorney indicated he had also informed the courtroom clerk of this fact, a claim which was neither confirmed nor denied. The motions filed by the State on July 21, four days before the trial date, apparently were not brought to the judge's attention until the trial date itself, and the trial judge referred to them as "dilatory." Under these circumstances, the trial judge should have allowed the State a short continuance to locate its witnesses, and it was an abuse of discretion for it not to have done so.

■■ After the requested continuance was denied, the court asked that all witnesses be sworn. However, there were no witnesses to be sworn. Because the State refused to participate no evidence was presented. The court's characterization of its action as an "acquittal" is not dispositive. The United States Supreme Court in *United States v. Scott* (1978), 437 U.S. 82, 57 L. Ed. 2d 65, 98 S. Ct. 2187, said that a trial judge's characterization of his own action cannot control the appealability of a trial court's disposition of a case. Because the instant case was improperly called to trial, we do not believe that the judge's characterization of his action as an acquittal is appropriate. Therefore, the defendant's argument that this is an appeal from an acquittal in violation of the Illinois Constitution is not well founded.

■■ The defendant also relies on Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)(1), in her argument that this court does not have jurisdiction over the appeal. The rule provides:

> "In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in dismissing a

charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence."

We believe this argument is also without merit. In *People v. Love* (1968), 39 Ill. 2d 436, 235 N.E.2d 819, the defendant argued the State could not appeal a dismissal based on denial of his constitutional right to a speedy trial because this ground is not enumerated as an appealable ground in section 114—1 of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1977, ch. 38, par. 114—1.) The court held the right of the State to appeal in a criminal case is not as limited as the statute appears to indicate:

"When Rule 604(a) made explicit the right of the State to appeal on grounds set forth in section 114—1 (citation), * * * it was not intended to reduce the range of the State's right to appeal * * *. The State retained the right to appeal in any other case of a judgment the substantive effect of which resulted in the dismissal of the indictment, such as here." (39 Ill. 2d 436, 439-40.)

Because the "dismissal for want of prosecution," later changed to a judgment of "acquittal," clearly is a "judgment the substantive effect of which resulted in the dismissal of the indictment" (*Love*), the State had the right to appeal this judgment.

Finally, the defendant argues that jeopardy attached because the court had called the case for trial, ordered the witnesses sworn and defense counsel waived opening statement. The fifth amendment of the United States Constitution, made applicable to the States by the fourteenth amendment of the constitution, provides in part, "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." The defendant urges that a future trial would place her in double jeopardy.

In *Illinois v. Somerville* (1973), 410 U.S. 458, 35 L. Ed. 2d 425, 93 S. Ct. 1066, the United States Supreme Court stated that the question of assessing whether jeopardy has attached is not to be decided by any mechanical test. The defendant relies on *Serfass v. United States* (1975), 420 U.S. 377, 43 L. Ed. 2d 265, 95 S. Ct. 1055, where the Supreme Court noted that jeopardy attaches in a nonjury trial when the first witness is sworn or when the court begins to hear evidence, and that "jeopardy does not attach, and the constitutional prohibition can have no application, until a defendant is 'put to trial before the trier of facts, whether the trier be a jury or a judge.' " (420 U.S. 377, 388, 43 L. Ed. 2d 265, 274, 95 S. Ct. 1055, 1062, quoting *United States v. Jorn* (1971), 400 U.S. 470, 479, 27 L. Ed. 2d 543, 553, 91 S. Ct. 547, 554.) We conclude that because the

matter was called to trial improperly, and because no witnesses were sworn and no evidence was heard, the defendant was not put to trial and jeopardy did not attach.

For the foregoing reasons the judgment of the circuit court of Cook County is vacated and the case remanded for a trial.

Vacated and remanded.

McNAMARA and McGILLICUDDY, JJ., concur.