THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
LARRY HOLMAN *et al.*, Defendants-Appellees.

First District (1st Division)    No. 83—2053

Opinion filed January 14, 1985.

Richard M. Daley, State's Attorney, of Chicago (Michael Shabat, Frank Zelezinski, and Pamela Martin, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (Frank Madea, Assistant Public Defender, of counsel), for appellees.

JUSTICE O'CONNOR delivered the opinion of the court:

This is an appeal by the State from an order of the circuit court entered during a bench trial denying the State's motion for a continuance. The motion was made after the victim, who was first prosecution witness, had testified. After the motion was denied, the State declined to participate further in the trial; however, defendants then put on an alibi defense supported by the testimony of four witnesses. Thereafter, the trial court ruled that the victim's identification testimony was not sufficient to sustain a conviction and found both defendants not guilty.

The State filed a notice of appeal from the order denying the motion for continuance. The State argues that: (1) the trial court abused

its discretion by denying the motion for a continuance; and (2) that this court has jurisdiction over this appeal under Supreme Court Rule 604(a) (87 Ill. 2d R. 604(a)) on the ground that the denial of a continuance had the substantive effect of dismissing the charges against defendants. Defendants contend that there was a trial on the merits followed by a judgment of acquittal from which the State may not appeal. (Ill. Const. 1970, art. VI, sec. 6; Ill. Rev. Stat. 1983, ch. 38, par. 3—4(a)(1).) In the alternative, defendants maintain that the trial court ruled appropriately by denying the State's motion for a continuance.

STATE'S CASE

Defendants, Larry Holman and Jeff Turnage, were charged with armed robbery, unlawful restraint and armed violence. In a joint bench trial which began on July 20, 1983, the following evidence was introduced:

The victim, Darryl Buchanan, testified that on September 13, 1982, at 10 p.m., three men approached him as he finished washing his car at a carwash located at 59th Street and Oakley. One of the men ordered him at gunpoint to get into the back seat of his car and then sat next to him. The other two men, whom Buchanan identified in court as defendants Holman and Turnage, entered the driver's seat and front passenger seat, respectively. Buchanan stated that as Holman drove toward 66th Street, the third assailant in the back seat took his wallet containing $350, his keys and a gold chain. He said the assailants then let him out of the car and drove away.

On September 14, 1982, Buchanan identified Turnage in a police lineup. On September 27, 1982, Buchanan's car was recovered; on the same day he identified Holman in a police lineup. After the lineup the police showed him three sets of photographs from which he identified Holman. Buchanan said he told the police that he wanted to be certain of his identification because some people had told him that he was identifying the wrong men and he was confused.

On cross-examination, Buchanan admitted that he did not have a very good opportunity to see the two men who were seated in the front seat of his car and stated that the police did not request a description from him of those two men. With respect to the lineups, Buchanan stated he was confused and worried about picking out the wrong men because he had only had a few seconds to observe the two assailants in the front seat. At that point, the witness was dismissed and the trial was continued until August 2, 1983.

When the trial reconvened the assistant State's Attorney requested a continuance, advising the court he had just found out that

his other two witnesses, both police officers, were unavailable. The trial court responded that this was the third time the State was requesting a continuance because of the unavailability of its witnesses. The court noted that the case had been continued from July 20 to a date selected by the State and prior to that had been continued from June 16 because of the unavailability of the State's witnesses. Both defendants objected to another continuance, stating they had witnesses in court. Although the assistant State's Attorney offered to take the witnesses out of order, the trial court noted that it had been 2½ weeks since the last court date and denied the State a continuance. After further argument the trial court held the case until 2 p.m. that day to give the assistant State's Attorney an opportunity to locate his two witnesses. At that time the assistant State's Attorney told the court that the officer who was to testify with respect to Holman was on furlough and his partner was unavailable; he could not locate the officer whom he intended to call concerning Turnage. The trial court reiterated that the State had more than one opportunity to bring its witnesses into court and that there had been a 2½-week interim since the last court date. The court again denied the State's motion for a continuance. The State objected to the trial proceeding and proposed to make an offer of proof concerning the officers' testimony which the court declined to accept. The assistant State's Attorney said he had no further witnesses at that time but that the State was not prepared to rest. Defendants then moved for a directed verdict which the trial court denied.

DEFENSE

Chicago Police Officer Terry Jordan testified on behalf of defendant Holman that he responded to the robbery call and that Buchanan was able to describe the gunman but was not able to describe the other two assailants except to say that they were both black males about 27 years old. The State declined to cross-examine Officer Jordan based upon its continuing objection to the trial proceeding.

Thelma Downs testified that on September 13, 1982, at 9 p.m. defendant Holman was at home with her. Ms. Downs stated that he went to the store at 9:30 p.m. and returned 10 minutes later. Other than when he went out onto the porch, he remained at home with her that evening. Again the State declined to cross-examine the witness.

Defendant Turnage's father testified that on September 13, 1982, between 7:35 and 10:35 p.m. his son was with him in his garage replacing a water pump in his car. The State did not cross-examine.

Defendant Turnage testified on his own behalf that he was 21

years old and that on September 13, 1982, between 7:30 and 10:30 p.m., he was with his father in their garage installing a water pump in his mother's car. The State did not cross-examine and declined to introduce rebuttal testimony.

The trial court then stated that the record was perhaps more limited than it should be, but that the court had heard the testimony of the victim and had observed his demeanor. The court noted that there was some equivocation concerning his description of two of the three assailants and that he testified that, although the lighting was good at the carwash, the only person he really had an opportunity to view was the man holding the gun. The court then stated that it was considering Buchanan's testimony in addition to the defense's alibi witnesses and Officer Jordan's testimony that Buchanan was unable to give him a detailed description of those two of his assailants who were not the gunman. The trial court concluded that the record would not sustain a finding of guilty of the offenses charged and therefore found both defendants not guilty.

The State then filed a notice of appeal which purported to be limited to contesting the trial court's order denying the State's motion for a continuance and "subsequent discharge of defendants." The State also filed a certificate of impairment alleging that the trial court's order denying a continuance substantially impaired the State's ability to prosecute this case and that the State's authority to appeal was derived from Supreme Court Rule 604 (87 Ill. 2d R. 604).

Prior to considering the merits of the substantive issue raised on appeal, we must consider whether this court has jurisdiction to do so pursuant to Supreme Court Rule 604(a)(1) as the State contends, or whether, as defendants maintain, this is an impermissible attempt by the State to appeal from a judgment of acquittal following a trial on the merits.

The State's rationale for its position that this court has jurisdiction under Supreme Court Rule 604(a)(1) is that the denial of the State's motion for a continuance "had the substantive effect of dismissing the charges against defendants." Supreme Court Rule 604(a)(1), however, is not that general and does not bestow appellate jurisdiction in every case where the State receives an adverse ruling at any stage of the trial or simply because the State characterizes the effect of an adverse ruling as "having the substantive effect of dismissing the charges." To the contrary, the rule applies only in specific pretrial situations.

Subsection (a)(1) of Supreme Court Rule 604 states in pertinent part:

"In criminal cases the State may appeal only from an order or a judgment the substantive effect of which results in dismissing a charge *for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963* ***." (Emphasis added.) (87 Ill. 2d R. 604(a)(1).)

Effective January 1, 1984, section 114—1(a) of the Code (Ill. Rev. Stat. 1983, ch. 38, par. 114—1(a)) identifies 11 specific instances wherein the trial court may dismiss the indictment information or complaint; none has any relevance to the instant case.

■ We are aware that appellate jurisdiction pursuant to Supreme Court Rule 604(a)(1) has been extended to permit the State to appeal from a pretrial order denying the State a continuance in a limited situation where the effect of the trial court's ruling was to preclude the State from conducting a trial at all due to the unavailability of the State's witnesses, thereby eliminating any possibility of convicting the defendant. (*People v. Edwards* (1981), 97 Ill. App. 3d 407, 422 N.E.2d 1117; *cf. City of Peoria v. Davis* (1976), 39 Ill. App. 3d 557, 350 N.E.2d 531.) These cases, however, concern pretrial rulings and have no application to the case at bar. Moreover, in *Edwards*, this court found that the trial was a sham so that jeopardy did not attach and retrial of the defendant was not barred. In the instant case, jeopardy attached after the first prosecution witness testified. (Ill. Rev. Stat. 1983, ch. 38, par. 3—4(a)(3).) Accordingly, retrial of this defendant is barred whether the proceeding below is construed as an improper termination of the trial after the first prosecution witness or as an acquittal based upon the trial court's determination that the evidence was insufficient to warrant a conviction. Ill. Const. 1970, art. VI, sec. 6; Ill. Rev. Stat. 1983, ch. 38, pars. 3—4(a)(1), (3).

■ The State has a right to appeal after trial has commenced only under certain limited circumstances. A mid-trial order denying a State-requested continuance does not have the effect of dismissing the charges against the defendant and is not appealable under Supreme Court Rule 604(a)(1) under the circumstances herein. That rule is not a substitute for proper preparation for trial by the prosecution.

For the reasons set forth above, this appeal is dismissed.

Dismissed.

CAMPBELL and BUCKLEY, JJ., concur.