THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DARRYL L. BEAN, Defendant-Appellee.

Fifth District   No. 5—83—0776

Opinion filed July 17, 1985.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Karen L. Stallman, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

Randy E. Blue and Dan W. Evers, both of State Appellate Defender's Office, of Mt. Vernon, for appellee.

PRESIDING JUSTICE JONES delivered the opinion of the court:

The State raises two issues on appeal: (1) whether the trial court erred in dismissing count II of the indictment for want of prosecution, and (2) whether the trial court erred in granting defendant's motion

*in limine* to exclude any evidence of the residential burglary charged in count II from the evidence presented during defendant's trial for residential burglary under count I.

Count I charged defendant with the residential burglary of the home of Michelle Knight on March 31, 1983, and count II charged defendant with the April 1, 1983, residential burglary of the home of Martha Hawkins. On defendant's motion the two counts were severed for trial.

The case was called for trial on count II on September 19, 1983, and the jury was impaneled and sworn. On September 20, the parties made opening statements, but at 2 p.m., the court took a recess to await the arrival of the State's witnesses. The witnesses still had not arrived by 4 p.m., and the State requested a recess until 9 a.m. the following morning. The court then suggested that since the State was not ready to proceed, a motion was in order. The defendant moved to dismiss count II for want of prosecution, whereupon the court denied the State's motion for a continuance and granted the defendant's motion to dismiss. On November 2, 1983, the court denied the State's motion to reconsider and also granted the defendant's motion *in limine* to exclude any evidence of the offense charged in count II from the evidence presented in defendant's trial on count I.

The State has filed two notices of appeal, each on November 14, 1983. In the first, the State asserts that it appeals an order dated September 20, 1983, that denied the State's motion for continuance and granted the defendant's motion to dismiss count II for lack of prosecution. That notice of appeal also recites that the State appeals the denial of the State's motion to reconsider that was entered on November 2, 1983. The second notice of appeal recites that an interlocutory appeal is taken from the November 2, 1983, order granting the defendant's motion *in limine.* For the reasons that follow, neither notice of appeal served to confer jurisdiction upon this court, and, therefore, we must dismiss the appeal for lack of jurisdiction.

The State's right to appeal is governed by Supreme Court Rule 604 (87 Ill. 2d R. 604) and is limited by the Illinois constitutional protection against double jeopardy. The State here appeals the dismissal of count II and the grant of defendant's motion *in limine* pursuant to paragraph (1) of subparagraph (a) of Supreme Court Rule 604, which describes the limited types of orders from which the State may appeal. Under that rule the State may appeal, *inter alia,* from an order suppressing evidence or "from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114–1 of the Code of Criminal Procedure of

1963 ***." (87 Ill. 2d R. 604.) Section 114—1 (Ill. Rev. Stat. 1983, ch. 110, par. 114—1) lists a variety of grounds on which a charge may be dismissed, but only by way of a pretrial motion.

■■ The dismissal here was not at the pretrial stage. In fact, the jury had already been impaneled and sworn, opening arguments had been made, and trial had, in fact, begun so that the dismissal here certainly did not fall within the list of pretrial dismissals enumerated in section 114—1. Since trial had already begun, the phrase, "dismissal for want of prosecution," used by the court to justify its action, was a misnomer. The State did not fail to prosecute the case but, rather, failed to present sufficient evidence to convict the defendant.

■■ The State's right to appeal is not limited, however, to those orders specifically listed in section 114—1. It has been held that any order that has the effect of dismissing the charges against the defendant is also appealable by the State. (*People v. Dellecarto* (1978), 67 Ill. App. 3d 490, 384 N.E.2d 902, *appeal denied* (1979), 74 Ill. 2d 587; *People v. Love* (1968), 39 Ill. 2d 436, 235 N.E.2d 819.) Since we are not bound by the trial court's characterization of its action (see *United States v. Scott* (1978), 437 U.S. 82, 95, 57 L. Ed. 2d 65, 76-77, 98 S. Ct. 2187, 2196; *Downum v. United States* (1963), 372 U.S. 734, 736, 10 L. Ed. 2d 100, 102, 83 S. Ct. 1033, 1034), we must determine the true nature of the court's order so as to determine its appealability.

In so doing, it is important to recognize that, in limiting State appeals to those orders that have the effect of dismissing the charges against the defendant, Supreme Court Rule 604 must be read in conjunction with the Illinois constitutional provision aimed at protecting defendants from being subjected to double jeopardy. Section VI of article 6 of the Illinois Constitution of 1970 prohibits the State from appealing judgments of acquittal on the merits in criminal cases since a State appeal from a judgment of acquittal would be, in effect, a second trial of the defendant inasmuch as defendant would be subjected once again to a possible conviction. It is for that reason that double jeopardy attaches when the jury is impaneled and sworn (*People ex rel. Roberts v. Orenic* (1981), 88 Ill. 2d 502, 431 N.E.2d 353; *People ex rel. Mosley v. Carey* (1979), 74 Ill. 2d 527, 387 N.E.2d 325, *cert. denied* (1979), 444 U.S. 940, 62 L. Ed. 2d 306, 100 S. Ct. 292), or, in the case of a bench trial, when the first piece of evidence is heard (*People v. Deems* (1980), 81 Ill. 2d 384, 410 N.E.2d 8, *cert. denied* (1981), 450 U.S. 925, 67 L. Ed. 2d 355, 101 S. Ct. 1378), and not at the time of judgment.

The appealability of the order in the instant case thus turns on whether it is more like a dismissal of the charge or an acquittal of the defendant. More specifically, we must decide whether the swearing and impaneling of the jury prior to the entry of the order terminating the trial compels the conclusion that the order is more akin to an acquittal than it is to a dismissal of the charges. We find that it is more akin to an acquittal.

Although dismissal under section 114—1 may be obtained on a wide variety of grounds, cases allowing midtrial dismissal on grounds not listed in that section may be distinguished from the case at bar in that the courts in those cases declared that the trial was a "sham" or that the case was, in some way, improperly brought to trial. In *People v. Dellecarto*, the appellate court held that the trial court's midtrial dismissal of the action "for want of prosecution" was appealable because the case had been brought to trial improperly. (See also *People v. Rudi* (1984), 103 Ill. 2d 216, 469 N.E.2d 580, *cert. denied* (1985), 469 U.S. 1228, 84 L. Ed. 2d 365, 105 S. Ct. 1227 (sham trial); *People v. Deems* (1980), 81 Ill. 2d 384, 410 N.E.2d 8, *cert. denied* (1981), 450 U.S. 925, 67 L. Ed. 2d 355, 101 S. Ct. 1378 (sham trial).) The trial judge in *Dellecarto* had been made aware of the State's difficulty in obtaining witnesses prior to the time he called the case for trial. Following the court's dismissal for want of prosecution, the court then entered an order of acquittal. The appellate court refused to accept that characterization and held that the State could properly appeal since the case had been improperly called to trial. The court held that under those circumstances, the trial court's "dismissal for want of prosecution" was clearly a "judgment the substantive effect of which resulted in the dismissal of the indictment" as provided in Supreme Court Rule 604. (*People v. Dellecarto* (1978), 67 Ill. App. 3d 490, 495, 384 N.E.2d 902, 906.) Therefore, even if the grounds for the dismissal need not be specified in section 114—1, the dismissal must have been at the pretrial stage, or the court must somehow be able to classify it as being at the pretrial stage.

In applying these principles to the case at bar, we must begin with the fact that, in contrast with the *Dellecarto* case, this case was properly brought to trial. The State itself was not aware of its problems with witnesses until after the jury had been impaneled and sworn and opening arguments had been made. We believe this to be a critical distinction because it indicates that prosecution had properly begun and a trial in the merits had commenced.

The First District Appellate Court recently addressed a similar issue in the case of *People v. Holman* (1985), 130 Ill. App. 3d 153, 474

N.E.2d 391. In that case, the appellate court held that the State was barred from appealing an order that denied the State's midtrial motion for a continuance. The motion had been made after jeopardy had attached. Referring to Supreme Court Rule 604(a)(1) (87 Ill. 2d R. 604(a)(1)), the court said, "That rule is not a substitute for proper preparation for trial by the prosecution." *People v. Holman* (1985), 130 Ill. App. 3d 153, 157, 474 N.E.2d 391, 394.

■ Having determined that the court's action may not properly be considered a dismissal of the charge, we now ask if it may properly be considered an acquittal. According to the Supreme Court in *United States v. Scott* (1978), 437 U.S. 82, 98, 57 L. Ed. 2d 65, 79, 98 S. Ct. 2187, 2197, cited with approval in *People v. Jones* (1979), 75 Ill. App. 3d 945, 393 N.E.2d 1372, *cert. denied* (1980), 449 U.S. 847, 66 L. Ed. 2d 56, 101 S. Ct. 132, "a defendant is acquitted only when 'the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged' [citations]. Where the court, before the jury returns a verdict, enters a judgment of acquittal ***, appeal will be barred only when it is plain that the District Court *** evaluated the Government's evidence and determined that it was legally insufficient to sustain a conviction.' " We believe this definition closely resembles the situation in the instant case. The jury was impaneled and sworn so that jeopardy had attached. (*Crist v. Bretz* (1978), 437 U.S. 28, 57 L. Ed. 2d 24, 98 S. Ct. 2156.) Opening statements had been made. The State simply failed to produce sufficient evidence to convict the defendant. The witnesses who failed to appear were the victim and the victim's daughter, an eyewitness to the crime. Upon being asked to proceed with the case, the prosecutor responded, "Your Honor, I don't have any witnesses prepared to call at this time." For all intents and purposes, the witnesses who failed to appear were the only witnesses the State intended to call. Thus, although the State did not expressly rest its case, it effectively rested when the prosecutor advised the court that the State had no more witnesses to call. The court thus considered the State's case and found a lack of evidence to convict. Based on the foregoing, we must conclude that on these facts the State's appeal from the court's dismissal for want of prosecution is barred by the Illinois constitutional provision prohibiting State appeals from judgments on the merits in criminal cases.

We do not here decide, and we decline to address at this time, any issues pertaining to double jeopardy which may be presented in the event of an attempted reprosecution of the defendant. Pursuant to Supreme Court Rule 604(f) (87 Ill. 2d R. 604(f)), the defendant may

appeal the denial of a motion to dismiss any subsequent criminal proceeding on grounds of former jeopardy.

Turning to the State's second claim of error, the State asserts that the trial court erred in granting the defendant's motion *in limine* to exclude evidence of the residential burglary charged in count II from the defendant's trial on the residential burglary charged in count I. This court in *People v. Davidson* (1983), 116 Ill. App. 3d 164, 170, 451 N.E.2d 978, 983, set forth the standard for distinguishing between the suppression and the exclusion of evidence:

> "The rule which thus emerges from the cases is that a motion based on criteria relating to the perceived truthfulness, reliability, or relevance of the proffered evidence 'excludes' evidence ***; a motion which is based on public policies forbidding the use of certain evidence despite its relevance and apparent trustworthiness 'suppresses' evidence ***."

Based on this rule, we believe the court's grant of the defendant's motion *in limine* was an exclusion of evidence and not a suppression of evidence since the motion attacked the relevance of the evidence sought to be excluded. Supreme Court Rule 604 only allows the State to appeal orders of the trial court suppressing evidence. Having found that this order excluded rather than suppressed evidence, we must conclude that we are also without jurisdiction to entertain this allegation of error.

For the reasons stated above, we must dismiss the instant appeal as we are without jurisdiction under either notice of appeal.

Dismissed.

WELCH and KARNS, JJ., concur.