THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ANTHONY ORTIZ, Defendant-Appellant.

Third District    No. 3—89—0653

Opinion filed November 20, 1990.

Rolfe F. Ehrmann, of Ehrmann, Gehlbach & Beckman, of Dixon, for appellant.

Gary L. Spencer, State's Attorney, of Morrison (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

Defendant Anthony Ortiz was charged with two counts of aggravated criminal sexual abuse of his girlfriend's nine-year-old daughter.

Defendant waived his right to a jury trial, and the prosecution proceeded as scheduled with its case in chief on April 24, 1989, before Whiteside County Circuit Judge Wilbur Johnson. At 11:45 a.m., midway through the State's direct examination of the child's mother, the prosecuting assistant State's Attorney informed the court that the victim was not available to testify because her father had confused the trial date and he could not have her at the courthouse for another 2½ hours. The prosecutor moved for a continuance to 2:30 p.m., and defense counsel moved for a dismissal. The court denied the State's motion and granted defendant's.

On April 27, 1989, the prosecutor moved the court to reconsider its ruling. The prosecutor emphasized that there were two other witnesses waiting outside the court room at the time she moved to continue the case. She admitted that she might have pursued her resistance to defendant's motion to dismiss more vigorously by bringing this fact to the court's attention or by proceeding with the witnesses' testimony when the court indicated its inclination to deny a continuance. Instead, the prosecutor had elected to stand on her motion. After reviewing the facts and hearing arguments of counsel, the court found that it had erred in denying the State's motion for a short continuance. The cause was reinstated and set for a trial on May 24, 1989, before Circuit Judge John Donald O'Shea.

At the conclusion of this trial, defendant was found guilty as charged. He was sentenced to a four-year term of probation.

In this appeal, defendant raises a single issue—whether the trial court's dismissal on April 24, 1989, was an acquittal rendering the subsequent trial a violation of defendant's right not to be twice placed in jeopardy for the same offense. The State concedes that jeopardy attached at the April 24 proceedings, but argues that the court's dismissal is not tantamount to an acquittal because it was based on nonfactual grounds. Therefore, the State contends, the purpose of the doctrine of double jeopardy is not served by prohibiting the later prosecution.

■ The double jeopardy protection was recently reviewed by our supreme court in *People v. Deems* (1980), 81 Ill. 2d 384, 388, 410 N.E.2d 8, 10. The court there quoted *United States v. Scott* (1978), 437 U.S. 82, 87, 57 L. Ed. 2d 65, 71-72, 98 S. Ct. 2187, 2192:

> " ' "The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and

ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." ' "
The court further observed that "[t]he traditional rule is that jeopardy attaches in a bench trial when the first witness is sworn and the court begins to hear evidence." *Deems*, 81 Ill. 2d at 389, 410 N.E.2d at 11.

There is no question but that defendant here was twice placed in jeopardy for a single offense. We have reviewed the cases cited in support of the State's contention and find them inapposite.

In *United States v. Scott*, defendant moved before and during trial for dismissal of two counts of an indictment on the ground that he had been prejudiced by preindictment delay. Although the trial court did not grant the motion until the close of all evidence, the Supreme Court ruled that a subsequent prosecution would not offend the double jeopardy clause. The court deemed the defendant's motion a "deliberate election on his part to forgo his valued right to have his guilt or innocence determined before the first trier of fact." (*Scott*, 437 U.S. at 93, 57 L. Ed. 2d at 76, 98 S. Ct. at 2195.) The Court explained that when a defendant moves for a mistrial because of a judicial or prosecutorial error,

> " '[t]he important consideration, for purposes of the Double Jeopardy Clause, is that the defendant retain primary control over the course to be follcwed in the event of such error.' *United States v. Dinitz*, 424 U.S. 600, 609 (1976). But, '[t]he Double Jeopardy Clause does protect a defendant against governmental actions intended to provoke mistrial requests and thereby to subject defendants to the substantial burdens imposed by multiple prosecutions.' *Id.*, at 611." (*Scott*, 437 U.S. at 93-94, 57 L. Ed. 2d at 76, 98 S. Ct. at 2195.)

Accordingly, the Court ruled that defendant Scott suffered no injury cognizable under the double jeopardy clause and his reprosecution was a just consequence of his own voluntary choice. 437 U.S. at 99-100, 57 L. Ed. 2d at 79-80, 98 S. Ct. at 2198.

Similarly, in *People v. Clauser* (1979), 73 Ill. App. 3d 145, 391 N.E.2d 793, defendant moved midtrial to dismiss charges claiming a faulty indictment. Citing *United States v. Scott*, this court affirmed the trial court's denial of defendant's motion to dismiss his reindictment on double jeopardy grounds. We also remanded for reindictment Clauser's codefendant in *People v. Jones* (1979), 75 Ill. App. 3d 945, 948-49, 393 N.E.2d 1372, 1375. We reasoned that, inasmuch as Jones' case presented "a mid-trial termination of criminal proceedings, initiated by the defendant and based upon facts unrelated to the accused's

guilt or innocence," reprosecution would not offend the protection against double jeopardy.

The State analogizes defendants' motions for dismissal in *Scott, Clauser* and *Jones* to defendant's mid-trial motion here. The critical difference, of course, is that defendant's motion here was not predicated upon a procedural default, but upon the fact that the State did not have sufficient evidence, *i.e.*, the testimony of the victim, at the first trial. Unlike the cases cited by the State, the dismissal here was, indeed, tantamount to an acquittal.

In *People v. Bean* (1985), 135 Ill. App. 3d 336, 481 N.E.2d 888, for example, defendant's prosecution for residential burglary proceeded to a jury trial on September 19, 1983. A jury was sworn and opening statements were presented. Then, at 2 p.m., the court granted the State's request for a recess because the victim and her daughter, an eyewitness to the crime, had not arrived at the courthouse. At 4 p.m., it became apparent that the witnesses would not be there in time to present their testimony, so the prosecuting attorney requested a further recess until 9 a.m. the following morning. At that time, the court suggested that since the State was not ready to proceed, a motion was in order. (135 Ill. App. 3d at 337-38, 481 N.E.2d at 889-90.) Defendant moved for a dismissal, and the State moved for a continuance. The court granted the former and denied the latter. The State appealed.

On appeal, the *Bean* court cited with approval *People v. Holman* (1985), 130 Ill. App. 3d 153, 474 N.E.2d 391. In *Holman*, as in *Bean*, the State had attempted to appeal from the circuit court's midtrial denial of the State's motion for a continuance. The *Holman* court ruled that retrial of a defendant was barred by double jeopardy principles whether proceedings were construed as an improper termination of a trial after a witness had testified or as an acquittal based upon the court's determination that evidence was insufficient to convict. The *Bean* court also distinguished those cases wherein the State had been allowed to appeal from a final disposition favorable to defendant where the basis for such disposition was known to the court before the case was called for trial or the case had for some other reason been improperly brought to trial. (*E.g., People v. Dellecarto* (1978), 67 Ill. App. 3d 490, 384 N.E.2d 902; *People v. Rudi* (1984), 103 Ill. 2d 216, 469 N.E.2d 580; *People v. Deems* (1980), 81 Ill. 2d 384, 410 N.E.2d 8.) In such cases, a midtrial "dismissal for want of prosecution" was appealable under section 114—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 114—1).

■ Having ruled that the trial court's action in *Bean* was not

truly a "dismissal," the *Bean* court considered whether it was an "acquittal," analyzing the facts under the criteria set forth in *United States v. Scott* (1978), 437 U.S. 82, 98, 57 L. Ed. 2d 65, 78-79, 98 S. Ct. 2187, 2197, cited in *People v. Jones* (1979), 75 Ill. App. 3d 945, 393 N.E.2d 1372. Quoting from *Scott,* the court stated:

> " '[A] defendant is acquitted only when "the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged" [citations]. Where the court, before the jury returns a verdict, enters a judgment of acquittal \*\*\*, appeal will be barred only when it is plain that the District Court \*\*\* evaluated the Government's evidence and determined that it was legally insufficient to sustain a conviction.' " *People v. Bean* (1985), 135 Ill. App. 3d 336, 341, 481 N.E.2d 888, 892, quoting *United States v. Scott* (1978), 437 U.S. 82, 98, 57 L. Ed. 2d 65, 78-79, 98 S. Ct. 2187, 2197.

Although the circuit court in *Bean* made no express finding that the State's evidence was insufficient to convict, such finding was implicit in the court's action granting defendant's motion to dismiss when it became clear after jeopardy had attached that the State had no witnesses to present. Thus, the *Bean* court concluded, defendant had been effectively acquitted, and the State had no right to appeal. On this basis, the *Bean* court dismissed the cause for lack of appellate jurisdiction. See also *People v. Thomas* (1975), 24 Ill. App. 3d 907, 322 N.E.2d 97 (ruling that where a continuance based on unavailability of essential witnesses is denied and the State fails to present evidence sufficient to convict, a judgment of acquittal may be entered by the court on its own motion).

■ The difference between this case and *Bean* is that here the State presented its "post-trial" arguments attacking the circuit court's denial of the State's motion for a continuance and the court's granting of defendant's motion to dismiss in the trial court, rather than in the appellate court. But the principles expressed in *Bean* apply equally here. It is clear that the State can no more move in the circuit court for "reconsideration" of an order which was in substance an acquittal than it can appeal from such order. Simply stated, once the court denies the State's motion for a continuance and grants a defendant's motion for an acquittal based on failure to produce sufficient evidence to convict, the trial court's determination is thereafter unreviewable. *People v. Mink* (1989), 186 Ill. App. 3d 316, 542 N.E.2d 468, citing *People ex rel. Daley v. Crilly* (1985), 108 Ill. 2d 301, 312, 483 N.E.2d 1236.

574

■ In this case it is apparent that the prosecutor did not learn until midtrial that the victim was not available to testify. The prosecutor's strategy in not pursuing the testimony of the State's other available witnesses is irrelevant. Moreover, whether or not defense counsel was cognizant of their presence outside the court room, there is no indication in the record that without the victim the available witnesses' testimony would have been sufficient to convict. What is relevant is that defendant had been placed in jeopardy and some evidence against him had been presented by the State when proceedings unexpectedly ground to a halt. The court, having determined not to grant the State's motion for a continuance, granted defendant's motion to "dismiss." In effect, the court acquitted defendant for lack of evidence sufficient to convict, regardless of the terminology used. *United States v. Scott* (1978), 437 U.S. 82, 57 L. Ed. 2d 65, 98 S. Ct. 2187; *People v. Bean* (1985), 135 Ill. App. 3d 336, 481 N.E.2d 888.

We hold that, under these circumstances, double jeopardy protections precluded defendant's reprosecution. Accordingly, we reverse the judgment of the circuit court and vacate defendant's conviction.

The judgment of the circuit court is reversed.

Reversed.

GORMAN and STOUDER, JJ., concur.