8 July 1999

NO. 4-97-0767

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from

Plaintiff-Appellant, ) Circuit Court of

v. ) Vermilion County

RICHARD A. MURRAY, ) No. 97CM131

Defendant-Appellee. )

) Honorable

) Gordon R. Stipp,

) Judge Presiding.

_________________________________________________________________

JUSTICE COOK delivered the opinion of the court:

Defendant was charged with obstructing a peace officer, a Class A misdemeanor.  720 ILCS 5/31-1 (West 1996).  The case was set for jury trial on August 28, 1997, one of 30 cases on the jury calendar that day.  At the initial call of the cases, about 8:30 a.m., both the State and the defendant announced ready for trial.  After the court had nar­rowed the cases down to two, the case was called again, at which time the State moved for a continu­ance, due to the absence of witnesses.  The motion for continu­ance was denied, and the proceedings recessed in order to give the State the time to call in witness­es.  About 10:45 a.m., the State indicated it had no witnesses available, and the court granted defendant's motion to dismiss the case and discharged the jury.  The court indicated it was uncertain when the case could have been contin­ued to and stated the case was dismissed for want of prosecu­tion.  

The State appeals the denial of its motion for continu­

ance and the dismissal of the case for want of prosecution. 

Defendant first argues the State cannot appeal these orders.  145 Ill. 2d R. 604.  The State may appeal "from an order or judgment the sub­stan­tive effect of which results in dismissing a charge for any of the grounds enumerated in section 114-1 of the Code of Crimi­nal Procedure of 1963 [(Code) (see 725 ILCS 5/114-1 (West 1996))]."  145 Ill. 2d R. 604.  After a "trial on the mer­its," however, "there shall be no appeal from a judg­ment of acquittal."  Ill. Const. 1970, art. VI, §6.  It is not neces­

sary, for an order to be appealable, that it be one specifi­cally listed in section 114-1 of the Code.  It is sufficient that the order have the effect of dismissing the charges against the defendant.  What appears to be a midtrial termination of the case may in fact be an appeal­able dismissal.  
People v. Marty
, 241 Ill. App. 3d 266, 267-69, 608 N.E.2d 1326, 1327-29 (1993) (mis­

tri­al fol­lowed by dismissal with prejudice).  On the other hand, a midtrial dis­miss­al "for want of prose­cu­tion" may be in fact a nonappealable acquit­tal.  
People v. Bean
, 135 Ill. App. 3d 336, 339, 481 N.E.2d 888, 890 (1985).  Unfortu­nately, whether the State has the right to appeal may depend on the merits of the case, making it diffi­cult to determine whether an order is appealable before ruling on it. 

Most pretrial dismissals under section 114-1 are without preju­dice.  725 ILCS 5/114-1(e) (West 1996).  At the pretri­al stage it is gener­al­ly said that a trial court does not have the power to dismiss, with prejudice, a case for want of prosecu­tion.  
People v. Harris
, 222 Ill. App. 3d 1089, 1095-96, 583 N.E.2d 1164, 1168 (1991).  Important public interests are involved in such a dismissal, and lack of diligence on the part of prose­cu­tors should not automati­cally result in the defendant going free.  ­Neverthe­less, a trial court has the inherent author­

ity to dismiss a charge even for preindictment delay where there has been an un­equiv­ocally clear denial of due process.  
People v. Valenzuela
, 180 Ill. App. 3d 671, 674, 536 N.E.2d 160, 163 (1989).  A trial judge has inher­ent author­i­ty to dismiss an indictment for reasons other than those listed in section 114-

1(a), includ­ing when the failure to do so will effect a depriva­

tion of due process or result in a miscar­riage of justice.  
People v. Newberry
, 166 Ill. 2d 310, 313-14, 652 N.E.2d 288, 290 (1995); 
People v. Hunter
, 298 Ill. App. 3d 126, 130, 698 N.E.2d 230, 231-32 (1998).  In the context of preindictment delay, the court may not dismiss the charge unless there has been a clear showing of actual and substantial preju­dice, that the delay was unreason­able or not necessary, and the interests of the defendant out­weigh those of the public.  
Valenzuela
, 180 Ill. App. 3d at 674, 536 N.E.2d at 163.      

In considering the court's power to dismiss a case for pretrial delays it is useful to consider the right of the prose­

cutor to seek a 
nolle
 
prosequi
.  The deci­sion to nol-pros a charge lies within the discre­tion of the prosecu­tor, and a trial court may not deny the motion under normal circum­stances.  The authori­ty to nol-pros extends through all stages of the trial procedure.  
People v. Davies
, 136 Ill. App. 3d 212, 214-15, 483 N.E.2d 435, 437 (1985).  A court must allow the State's Attorney to enter a 
nolle
 
prosequi
 unless it is persuaded that the prose

cutor's action is capricious or vexa­tiously repeti­tious or that the entry of a 
nolle
 
prosequi
 will prejudice the defen­dant.  
People v. Woolsey
, 139 Ill. 2d 157, 164, 564 N.E.2d 764, 766 (1990) (court should have heard speedy-trial motion before allowing State to nol-pros).  A 
nolle
 
prose­qui
 ordinarily termi­

nates pending charges and tolls the "speedy-trial" period until the State reinstates the charges.  A 
nolle
 
prosequi
 will not toll the "speedy-trial" period if the State uses it to cause delay or to avoid statutory limitations.  
In re A.F.
, 282 Ill. App. 3d 930, 932, 668 N.E.2d 1168, 1170 (1996).  

Considerations change once the trial has begun.  Even where there has been no acquittal an accused has some right to have his trial conclud­ed before the first jury that is impan­

elled.  
People v. Harbold
, 262 Ill. App. 3d 1067, 1069, 635 N.E.2d 900, 902 (1994).  A 
nolle
 
prosequi
 after jeopardy atta­ches amounts to an acquittal and a bar to prosecu­tion.  
People v. Blake
, 287 Ill. App. 3d 487, 491, 678 N.E.2d 761, 764 (1997); 720 ILCS 5/3-4(a)(3) (West 1996).  Howev­er, double jeopar­dy does not bar reprosecution when a defense-requested mistrial is attribut­

able merely to prose­cu­torial or judicial error.  Neither does appel­late rever­sal for trial error preclude retrial under the double jeopardy clause.  
People v. Mink
, 141 Ill. 2d 163, 173, 565 N.E.2d 975, 979 (1990).  Double jeopar­dy bars retrial in mistri­al situa­tions only where the prosecution intend­ed to "goad" the defendant into requesting a mistrial.  
People v. Placek
, 184 Ill. 2d 370, 378, 704 N.E.2d 393, 397 (1998); 
Mink
, 141 Ill. 2d at 173, 565 N.E.2d at 979.  

It is improper for the court to convene a trial for the purpose of terminating it with prejudice.  When the State re­

quests a contin­uance before the trial has begun, it is improper for the court to call the case for trial and then acquit defen­

dant when the State produces no evidence.  Such a trial is a sham trial and does not bar retri­al.  
People v. Deems
, 81 Ill. 2d 384, 388-89, 410 N.E.2d 8, 10-11 (1980).      

The trial in this case had not begun for purposes of double jeopardy.  Jeopar­dy atta­ches when the jury is impanelled and sworn.  
Marty
, 241 Ill. App. 3d at 269, 608 N.E.2d at 1329; 720 ILCS 5/3-4(a)(3) (West 1996).  Trial was immi­nent in this case, however, where the venire was present in the courtroom and the State had announced ready for trial.  The present case is accordingly more aggravated than the three situations presented in 
Harris
, where the State immedi­ately moved for a continuance when the case was called for trial.  In those three situations the State stood on its motion for continu­ance, did not request a 
nolle
 
prosequi
, and declined the opportu­nity to partic­ipate or present evidence, after which the court entered a judgment of acquittal.  The appellate court reversed the judg­ments of acquit­

tal and remanded for a new trial.  The present case differs from 
Harris
 in that the trial court did not conduct a trial in the present case or enter an acquittal or indi­cate that the case was being dismissed with preju­dice.  
Harris
 was sympa­thetic with a trial court's need to control its docket, but held "the proce­dure employed in these cases [acquit­tal] was improper," and suggested the court enforce its orders through the use of its inherent contempt powers.  
Harris
, 222 Ill. App. 3d at 1096, 583 N.E.2d at 1169.  
Harris
 does not indicate that a court is always re­quired to grant the State's motion for continu­ance, even when that motion is made at the last possible moment.  "Our legal system cannot work effi­ciently if continuanc­es are readily available on the day of trial."  
Sinram v. Nolan
, 227 Ill. App. 3d 241, 243, 591 N.E.2d 128, 129 (1992); 134 Ill. 2d R. 231(f).  

It is informative to consider the unusual situation presented in 
People v. Ortiz
, 151 Ill. 2d 1, 600 N.E.2d 1153 (1992).  In 
Ortiz
 the circuit court denied the State's midtrial motion for a two-hour continu­ance and then granted defendant's motion to dismiss.  The circuit court later granted a motion to recon­sid­er its dismissal and a trial was conducted at which defendant was found guilty.  The supreme court found no double jeopardy violation, but certainly did not suggest a trial court is always re­quired to grant the prosecutor's midtrial requests for a continuance.  In 
Bean
, a midtrial dismissal after one continuance was granted was consid­ered to be an acquittal for failure to produce sufficient evi­dence.  
Bean
, 135 Ill. App. 3d at 341, 481 N.E.2d at 892; see also 
People v. Holman
, 130 Ill. App. 3d 153, 157, 474 N.E.2d 391, 394 (1985) (midtrial denial of continu­ance barred retrial either as improper termi­na­tion of trial or as acquit­tal).  In 
Ortiz
 the supreme court found 
Bean
 inapplicable, noting the 
Ortiz
 prose­cu­tor had not at­tempt­ed to harass the defen­dant, the trial court did not intend to enter a dismiss­al with preju­dice, the trial court made no effort to exercise discre­tion in granting the dismissal, and it was the defendant who sought termination in midtrial on grounds unrelated to guilt or inno­cence.  
Ortiz
, 151 Ill. 2d at 11-16, 600 N.E.2d at 1157-59.  

The dismissal in the present case was not a dismissal with prejudice.  The dismissal here was a pretrial dismissal which did not bar reprosecution.  The trial court did not attempt to terminate prosecution by the use of a "sham proceed­ing."  The State accordingly has little to complain of.  The trial court did not abuse its discretion in denying the prosecution's motion for a continuance and had the right to dismiss this action without preju­dice, for want of prosecution.  

Affirmed.

KNECHT, P.J., and MYERSCOUGH, J., concur.