## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 07 2020, 10:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Michael T. Barnett
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Michael T. Barnett,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

February 7, 2020

Court of Appeals Case No.
18A-PC-3010

Appeal from the Madison Circuit Court

The Honorable Thomas Newman, Jr., Judge

Trial Court Cause No.
48C03-1312-PC-54

**Sharpnack, Senior Judge.**

# Statement of the Case

Michael Barnett appeals the post-conviction court's denial of his petition for post-conviction relief. We affirm.

# Issues

Barnett presents four issues for our review, which we restate as:

> I. Whether the post-conviction court erred by denying Barnett's claim of ineffective assistance of trial counsel.
>
> II. Whether the post-conviction court erred by denying Barnett's claim of ineffective assistance of appellate counsel.
>
> III. Whether the post-conviction court erred by adopting the State's proposed findings of fact and conclusions of law.
>
> IV. Whether the trial court abused its discretion in sentencing Barnett and whether his sentence is manifestly unreasonable.

# Facts and Procedural History

The underlying facts, as stated in Barnett's direct appeal, are as follows:

> Barnett was married to Lisa Williams, and they lived together with Williams's two children. During the early morning hours of September 21, 2003, Barnett instructed his eleven-year-old step-daughter, E.G., to remove her clothes and lie on the floor in the family room. Barnett then inserted his penis into E.G.'s anus. Williams entered the room and caught Barnett during this act.

During the confrontation that ensued, Barnett grabbed Williams and beat her in the head with a metal figurine.

On September 24, 2003, the State charged Barnett with one count of Class A felony child molesting and one count of Class C felony battery with a deadly weapon. Barnett pleaded guilty to the charged offenses on May 17, 2004. A sentencing hearing was held on June 7, 2004, at the conclusion of which the trial court sentenced Barnett to the maximum term of fifty years for the A felony and the maximum term of eight years for the C felony and ordered the sentences to be served consecutively for a total executed sentence of fifty-eight years. On July 21, 2004, Barnett filed a motion to file a belated notice of appeal, which the trial court granted the same day.

*Barnett v. State*, No. 48A02-0410-CR-905, slip op. *2 (Ind. Ct. App. May 3, 2005) (internal footnotes omitted).

[4] On direct appeal, Barnett challenged his fifty-eight year aggregate sentence as to aggravating and mitigating circumstances and inappropriateness. This Court affirmed the judgment of the trial court. *See id.*

[5] In December 2013, Barnett filed his pro se petition for post-conviction relief, which he later amended. An evidentiary hearing was held on Barnett's petition on March 27, 2017. The court took the matter under advisement and allowed the parties to submit proposed findings of fact and conclusions of law. On October 29, 2018, the court issued its order adopting the proposed findings and conclusions of the State and denying Barnett's petition. This appeal ensued.

# Discussion and Decision

[6] To the extent the post-conviction court has denied relief, the petitioner appeals from a negative judgment and faces the rigorous burden of showing that the evidence, as a whole, leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Harris v. State*, 762 N.E.2d 163, 166 (Ind. Ct. App. 2002), *trans. denied*. A post-conviction court's findings and judgment will be reversed only upon a showing of clear error — that which leaves us with a definite and firm conviction that a mistake has been made. *Kistler v. State*, 936 N.E.2d 1258, 1261 (Ind. Ct. App. 2010), *trans. denied*. In this review, findings of fact are accepted unless they are clearly erroneous, and no deference is accorded to conclusions of law. *Id.* The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. *Witt v. State*, 938 N.E.2d 1193, 1196 (Ind. Ct. App. 2010), *trans. denied*.

[7] Barnett alleges ineffective assistance of both trial and appellate counsel. To prevail on a claim of ineffective assistance of counsel, a defendant is required to establish both (1) that counsel's performance was deficient and (2) that counsel's deficient performance prejudiced the defendant. *Johnson v. State*, 948 N.E.2d 331, 334 (Ind. 2011) (citing *Strickland v. Washington*, 466 U.S. 668, 687-96, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). To satisfy the first element, the defendant must show that counsel's representation fell below an objective standard of reasonableness and that counsel's errors were so serious that the defendant was denied the counsel guaranteed by the Sixth Amendment. *Bethea v. State*, 983 N.E.2d 1134, 1138 (Ind. 2013). In order to satisfy the second

element, the defendant must show prejudice; that is, a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 1139. There is a strong presumption that counsel rendered effective assistance and made all significant decisions in the exercise of reasonable professional judgment, and the defendant has the burden of overcoming this presumption. *Harris*, 762 N.E.2d at 168-69.

# I. Assistance of Trial Counsel

[8] Barnett first contends he received ineffective assistance from his trial counsel, claiming that counsel coerced him into accepting an illusory plea agreement. Particularly, he asserts that trial counsel performed deficiently by recommending he accept the plea offer to avoid the State's threat of filing additional charges, even though the State was foreclosed from filing additional charges because the statutory deadline had passed. *See* Ind. Code § 35-34-1-5(b)(1) (1993) (providing that information could be amended upon written notice to defendant any time up to thirty days before omnibus date if defendant is charged with felony).

[9] There are two main types of ineffective assistance of trial counsel claims made in the context of guilty pleas: (1) the failure to advise the defendant on an issue that impairs or overlooks a defense, and (2) an incorrect advisement of penal consequences. *Arnold v. State*, 61 N.E.3d 1171, 1179 (Ind. Ct. App. 2016). Barnett's claim seems to fall within the first category, where, in order to establish that the guilty plea would not have been entered if counsel had

performed effectively, the petitioner must show that a defense was overlooked or impaired and that the defense would likely have changed the outcome of the proceeding. *Id.*

[10] During the pendency of this case, certain facts came to light supporting additional charges of child molesting. The State was willing to accept Barnett's open plea, and in return, it would not file additional charges which would expose him to a significantly longer sentence if convicted. Pursuant to the prevailing case law at the time of Barnett's charges and plea, amendments to a charging information that were related to matters of substance were regularly permitted as long as the substantial rights of the defendant were not prejudiced, regardless of whether the amendments were untimely under Section 35-34-1-5(b). *See, e.g.*, *Wright v. State*, 593 N.E.2d 1192 (Ind. 1992); *Kindred v. State*, 540 N.E.2d 1161 (Ind. 1989); *Haymaker v. State*, 528 N.E.2d 83 (Ind. 1988); *Hegg v. State*, 514 N.E.2d 1061 (Ind. 1987); *Laughner v. State*, 769 N.E.2d 1147 (Ind. Ct. App. 2002), *trans. denied*; *Townsend v. State*, 753 N.E.2d 88 (Ind. Ct. App. 2001); *Tripp v. State*, 729 N.E.2d 1061 (Ind. Ct. App. 2000); *Todd v. State*, 566 N.E.2d 67 (Ind. Ct. App. 1991); *State v. Gullion*, 546 N.E.2d 121 (Ind. Ct. App. 1989).[1]

---

[1] In his brief to this Court, Barnett mentions *Fajardo v. State*, 859 N.E.2d 1201 (Ind. 2007), where our Supreme Court held that an amendment of substance to a charging information will be allowed no later than thirty days prior to the omnibus date, regardless of lack of prejudice to the defendant. However, that case was decided several years after Barnett's charges and plea in this case. It does not constitute ineffective assistance of counsel for an attorney to fail to anticipate changes in the law that have not yet occurred at the time of representation. *Frasier v. State*, 267 Ind. 24, 27, 366 N.E.2d 1166, 1167 (1977). Moreover, we have held that *Fajardo* does not apply retroactively on collateral review. *See Leatherwood v. State*, 880 N.E.2d 315 (Ind. Ct. App. 2008), *trans. denied*.

Further, in certain circumstances, the State can dismiss the initial information and then refile it with additional charges after the omnibus date has passed. *See, e.g.*, *Mendoza v. State*, 869 N.E.2d 546 (Ind. Ct. App. 2007), *trans. denied* (State's dismissal of original charges and refiling of new charges after omnibus date had passed was permissible where State was not attempting to circumvent an adverse ruling and defendant had adequate time to prepare for trial on new charge).

Barnett has failed to point to any evidence demonstrating anything other than that his trial counsel logically and reasonably evaluated the circumstances at the time when he advised Barnett with respect to his plea, and he has failed to show that a defense was overlooked or compromised and that the defense would likely have changed the outcome of the proceeding. Accordingly, we cannot say the post-conviction erred in concluding that Barnett's trial counsel was not ineffective.

## II. Assistance of Appellate Counsel

Next, Barnett asserts that his appellate counsel was ineffective for failing to raise issues that were stronger than the ones raised. Because the strategic decision regarding which issues to raise on appeal is one of the most important decisions to be made by appellate counsel, counsel's failure to raise a specific issue on direct appeal rarely constitutes ineffective assistance. *Brown v. State*, 880 N.E.2d 1226, 1230 (Ind. Ct. App. 2008), *trans. denied*. "For countless years, experienced advocates have 'emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at

most a few key issues.'" *Walker v. State*, 988 N.E.2d 1181, 1191 (Ind. Ct. App. 2013) (quoting *Bieghler v. State*, 690 N.E.2d 188, 194 (Ind. 1997)), *trans. denied.* Accordingly, on review, we should be particularly deferential to appellate counsel's strategic decision to exclude certain issues in favor of other issues more likely to result in a reversal. *Id.* To evaluate whether appellate counsel performed deficiently by failing to raise an issue on appeal, we apply a two-part test: (1) whether the unraised issue is significant and obvious from the face of the record, and (2) whether the unraised issue is "clearly stronger" than the raised issues. *Walker*, 988 N.E.2d at 1191.

[13] Barnett first alleges his appellate counsel failed to raise a violation of *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). Under *Blakely* and Indiana's former sentencing scheme, trial courts could enhance a sentence above the presumptive based only on those facts that were established in one of several ways: (1) as a fact of prior conviction; (2) by a jury beyond a reasonable doubt; (3) when admitted by a defendant; and (4) in the course of a guilty plea where the defendant waived his or her Sixth Amendment rights and stipulated to certain facts or consented to judicial factfinding. *Trusley v. State*, 829 N.E.2d 923, 925 (Ind. 2005).

[14] In sentencing Barnett, the trial court noted as aggravating circumstances that he had a criminal history; that repeated attempts to reform had failed; that he fled the jurisdiction; that he violated his position of trust with both victims; that the victims were impacted by this crime, and that he had molested one of the victims on numerous other occasions. Barnett claims that, with the exception

of the violation of trust, he admitted nothing else and was sentenced in violation of *Blakely*, which his appellate counsel should have raised in his appeal.

[15] On direct appeal, counsel raised two issues: the inappropriateness of Barnett's sentence and the court's failure to consider the significant mitigating circumstances of acceptance of responsibility and remorse. At the evidentiary hearing on the post-conviction petition, appellate counsel testified that Barnett's criminal history, failed reformation attempts, and fleeing were included in his presentence investigation report and that counsel did not believe there were any *Blakely* issues because those factors were admitted in the presentence report. Indeed, the presentence report contains Barnett's criminal history, reveals numerous failed rehabilitation opportunities, and indicates he fled from the state following his commission of these offenses and he had molested the victim several times in the past, as well as containing comments concerning the lasting impact of these offenses upon the victims. At sentencing, the court asked Barnett if he had read the presentence report and whether he had any additions or corrections. Barnett stated that he had read the report and that he had no additions or corrections. If a defendant confirms the accuracy of a presentence report when given an opportunity to contest it, such confirmation amounts to an admission of information contained in the report for *Blakely* purposes. *Sullivan v. State*, 836 N.E.2d 1031, 1036 (Ind. Ct. App. 2005). Moreover, Barnett admitted his violation of trust at his sentencing hearing. Thus, any claim on appeal that these aggravating factors were not proper under *Blakely*

would have failed. In short, the unraised *Blakely* issue was not clearly stronger than the issues raised by appellate counsel. Accordingly, Barnett has failed to demonstrate that his appellate counsel performed deficiently in this respect.

[16] Barnett also claims his appellate counsel was ineffective for not asserting certain sentencing issues he alleges are stronger than those raised by counsel on appeal, including the trial court's use of an improper aggravator and its consideration of his criminal history as a significant aggravator.

[17] First, Barnett argues his appellate counsel was ineffective for failing to raise the issue of the abuse of the trial court's discretion in identifying victim impact as an aggravating factor because the court did not explain how the harm suffered by the victims exceeded that which other victims of child molesting and battery with a deadly weapon would endure.

[18] Generally, the impact that a victim or a family experiences as a result of a particular offense or offenses is accounted for in the advisory sentence. *Simmons v. State*, 746 N.E.2d 81, 91 (Ind. Ct. App. 2001), *trans. denied*. Therefore, to validly use victim impact evidence to enhance a sentence, the trial court must explain why the impact in the particular case exceeds that which is normally associated with the offense or offenses. *Id.*

[19] The trial court heard the testimony of Williams and E.G. at sentencing and considered the impact these offenses had on them as an aggravating factor but did not explain why the impact suffered by them exceeded that which is normally associated with these crimes. Therefore, we agree with Barnett that

the trial court improperly relied upon that impact as an aggravating factor when it sentenced him. However, even when a trial court improperly applies an aggravator, a sentence enhancement may be upheld if other valid aggravators exist. *Edrington v. State*, 909 N.E.2d 1093, 1097 (Ind. Ct. App. 2009), *trans. denied*. Moreover, a single aggravating factor is sufficient to support an enhanced sentence. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008). Despite the trial court's improper reliance on the victim impact, it found several other valid aggravating circumstances to warrant an enhanced sentence. This unraised issue concerning a single aggravator was not clearly stronger than the issues raised by appellate counsel; Barnett has not met his burden of demonstrating that his appellate counsel performed deficiently.

[20] Barnett's second argument appears to be that appellate counsel should have raised the allegedly stronger argument that his criminal history is not a significant aggravator because, although lengthy, his criminal history contains no sex offense arrests or convictions.

[21] Barnett's adult criminal history includes a misdemeanor conviction in 1991 as well as a reckless driving conviction in West Virginia; two misdemeanor convictions in 1993; two misdemeanor convictions and a probation violation in 1994; a conviction in 1995 of a felony that he committed while on probation in another cause; a failure to appear in 1995; an infraction of driving while suspended in 1999; a misdemeanor conviction and home detention privileges revocation in 2000; service of jail time twice in 2001 for contempt of court; one felony conviction, for which he was originally sentenced to twelve years in the

DOC, and one misdemeanor conviction in 2002; conviction of possession of cocaine and failure to identify in Texas in 2003; and fleeing the jurisdiction in 2003 after committing the instant offenses. This criminal history was detailed in the presentence report, the accuracy of which Barnett admitted at his sentencing hearing.

In total, Barnett has two felony convictions and at least seven misdemeanors. Moreover, his record indicates he has been undeterred by punishment for his criminal behavior. Even a limited criminal history can be considered a valid aggravator. *Atwood v. State*, 905 N.E.2d 479, 488 (Ind. Ct. App. 2009), *trans. denied*. In light of this, we cannot say that Barnett's proposed issue is clearly stronger than the issues raised by appellate counsel. Consequently, counsel's representation on appeal was not ineffective.

## III. Adoption of Findings and Conclusions

In his brief, Barnett asserts the post-conviction court erred when it adopted the State's proposed findings of fact and conclusions of law. Appellant's Br. p. 11. Barnett provides no further argument or citations to authority in support of this contention. Our Supreme Court has observed, "[i]t is not uncommon for a trial court to enter findings that are verbatim reproductions of submissions by the prevailing party." *Prowell v. State*, 741 N.E.2d 704, 708 (Ind. 2001). And Indiana courts are not prohibited from this practice. *See id.* at 709. Moreover, we accept the findings of fact unless they are clearly erroneous. *Kistler*, 936 N.E.2d at 1261. Here, the post-conviction court's findings of fact are supported

by the evidence, and the findings support the conclusions of law. Barnett has not demonstrated error on this issue.

## IV. Sentencing

In his final issue, Barnett presents argument on the trial court's abuse of its discretion when it sentenced him. However, Barnett's appellate counsel raised sentencing issues in his direct appeal; accordingly, these claims are not available in a post-conviction proceeding. *See Sweet v. State*, 10 N.E.3d 10, 13 (Ind. Ct. App. 2014) (if issue was known and available, but not raised on direct appeal, it is waived; if it was raised on appeal, but decided adversely, it is res judicata). Furthermore, Barnett raised, and this Court addressed, the same issues in the current appeal under the umbrella of ineffective assistance of appellate counsel.

## Conclusion

Based on the foregoing, we conclude the post-conviction court properly denied Barnett's petition for relief.

Affirmed.

Kirsch, J., and Mathias, J., concur.